Mark D. **WOJTOWICZ, M.D., Plaintiff–Appellant and Cross–Appellee,**

v.

**GREELEY ANESTHESIA SERVICES, P.C., Defendant–Appellee and Cross–Appellant.**

No. 96CA0604.

Colorado Court of Appeals, Div. II.

Nov. 28, 1997.

Rehearing Denied Dec. 26, 1997.

Certiorari Granted July 27, 1998.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

Baker & Hostetler, LLP, Todd L. Lundy, Michael J. Roche, Denver, for Plaintiff–Appellant and Cross–Appellee.

Antonio Bates Bernard, P.C., Brian E. Bates, Ronald L. Antonio, David A. Groom, Denver, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge PLANK.

Plaintiff, Mark D. Wojtowicz, M.D., appeals a declaratory judgment in which the trial court found certain liquidated damages provisions in his employment agreement with defendant, Greeley Anesthesia Services, P.C., (GAS) to be enforceable. GAS cross-appeals that part of the judgment holding other liquidated damages provisions in the agreement to be invalid. We reverse the judgment as to the contract provisions found to be enforceable and affirm as to those found invalid.

In 1992, plaintiff, who practices surgical anesthesia at a hospital in Greeley, Colorado, was hired by GAS, a professional corporation comprised of a majority of the anesthesiologists who practice at that hospital.

GAS collects fees and distributes income for its shareholders and employees. Irrespective of GAS membership, however, the hospital assigns cases on a rotating basis to all board-eligible anesthesiologists on its staff.

The record indicates that GAS bills patients, collects fees, and distributes income as follows: each shareholder is paid $500 for each day worked; GAS operating expenses are paid; all remaining income is distributed to each shareholder as a bonus which is proportionate to services performed. The bonus each shareholder receives generally exceeds the sum collected as base pay.

In July 1993, after plaintiff became a shareholder in the corporation, he and GAS entered into a professional employment agreement. The agreement provides that plaintiff must pay GAS liquidated damages if his employment terminates for any reason and he continues to practice within a 25–mile radius of Greeley during the two-year period following such termination.

On January 12, 1995, plaintiff provided GAS with notice of his employment termination. When GAS sought to enforce the contract, plaintiff sought a declaratory judgment that the non-competition and liquidated damages provisions are invalid and unenforceable.

The trial court declared invalid the contractual provisions which require, as liquidated damages for harm to the corporation's goodwill, a payment of $10,000 and forfeiture of plaintiff's last three months of deferred compensation earned at GAS (the goodwill provision).

Subject to modification of certain definitions, the trial court declared valid and enforceable the contractual provision requiring plaintiff to pay, as liquidated damages for harm to the corporation's profitability, 50 percent of fees generated from practicing anesthesiology in competition with GAS for two years following his employment termination (the noncompetition provision).

This appeal and cross-appeal followed.

I.

Plaintiff contends that the noncompetition provision violates § 8–2–113(3), C.R.S.1997. We agree that the terms of the provision specifying the amount of damages are not enforceable.

A.

Section 8–2–113(3) states:

Any covenant not to compete provision of an employment, partnership, or corporate agreement between physicians which restricts the right of a physician to practice medicine, as defined in section 12–6–106, C.R.S., upon termination of such agreement, shall be void; *except that all other provisions of such an agreement enforceable at law, including provisions which require the payment of damages in an amount that is reasonably related to the injury suffered by reason of termination of the agreement, shall be enforceable.* Provisions which require the payment of damages upon termination of the agreement may include, but not be limited to, damages related to competition. (emphasis added)

The trial court in this case acknowledged that a federal district court had recently ruled that, under this statutory language, a clause substantially identical to this noncompetition provision was invalid. *See Turner v. Four Corners Heart Clinic, P.C.,* (94 N 1394, January 17, 1995)(D.Colo.1995). However, the trial court here noted that such decision was not binding authority, that the principal basis for that decision seemed to be that liquidated damages were not reasonably related to actual damages, and that the facts of the present case "are simply different" because "the certainty and extent of damage to [GAS] are much clearer."

The interpretation of a contract is a matter of law, which we review *de novo. Union Insurance Co. v. Houtz,* 883 P.2d 1057 (Colo. 1994). Similarly, interpretation of a statute is a question of law, and an appellate court is not bound by the trial court's interpretation. *Colorado Division of Employment & Training v. Parkview Episcopal Hospital,* 725 P.2d 787 (Colo.1986).

Here, although both parties agreed to the noncompetition provision of the contract, the statute permits enforcement of that provision only as to damages "reasonably related to the injury suffered by reason of termination of the agreement." *See Farmers Group, Inc. v. Williams,* 805 P.2d 419 (Colo.1991) (court's primary task in construing statute is to give effect to legislative intent and, to discern that

intent, a court should look first to the plain language of the statute).

**B.**

Here, the parties agreed that, if plaintiff competes with GAS following termination of his employment, GAS will suffer harm in several ways, including lost profits.

The agreement expressly provides that plaintiff:

shall be free to engage in the practice of medicine in competition with the Company, except upon so competing with the Company, the Employee shall be obligated to pay the Company damages related to that competition in an amount reasonably related to the injuries suffered by the Company by reason of such competition.

The trial court found that the intended purpose of the noncompetition provision was "to discourage termination of employment without departure from the area." However, it held that such purpose was not contrary to public policy because the statute "specifically authorizes damages relating to competition," and such provisions "must necessarily discourage the setting up of rival practices."

The record contains conflicting evidence, including expert testimony, as to the amount of damages GAS might suffer if plaintiff breached the agreement. Based upon the possibility that GAS and its shareholders might lose future profits if one of several hypothetical situations occurred, the trial court concluded that the noncompetition provision of the agreement provides for damages in an amount that is reasonably related to the injury.

However, a damage award cannot be based on speculation or conjecture. *Graphic Directions, Inc. v. Bush,* 862 P.2d 1020 (Colo.App.1993). A claim for future profits may not be sustained by evidence which is speculative, remote, imaginary, or impossible of ascertainment. Damages for lost profits are measured by the loss of net profits, meaning net earnings or the excess of returns over expenditures, but not lost gross profits or gross sales revenues. *Lee v. Durango Music,* 144 Colo. 270, 355 P.2d 1083 (1960).

The trial court's conclusion as to the noncompetition provision is based on several theories of future lost profits which do not measure net earnings. The record indicates that net profits to GAS and its shareholders remained essentially the same as they were prior to the termination of plaintiff's employment contract. Thus, the evidence was insufficient, as a matter of law, to support the trial court's conclusion as to this issue. *See Graphic Directions, Inc. v. Bush, supra.*

Contrary to the trial court, we conclude that the noncompetition provision of the contract, which required plaintiff to pay 50 percent of his fees to GAS for two years, provides for damages that are not "reasonably related to the injury suffered" by GAS by reason of the termination of its contract with plaintiff. Hence, the language of the provision specifying the amount of damages was not enforceable under the statute.

We also conclude, as a matter of law, that the fee percentage set as liquidated damages in the noncompetition provision is disproportionate to any possible loss incurred by GAS. *See Rohauer v. Little,* 736 P.2d 403 (Colo.1987). Thus, the noncompetition provision is also an unenforceable penalty at common law.

Based on the foregoing, we decline to address plaintiff's remaining contentions on appeal.

## II.

On cross-appeal, GAS contends that the trial court improperly shifted the burden of proof and thus erred in invalidating the contractual provision which required, as liquidated damages for harm to the corporation's goodwill, payment of $10,000 and forfeiture of certain deferred compensation plaintiff earned at GAS. We disagree.

The parties agreed that, if plaintiff were to compete with GAS following termination of his employment, then GAS would suffer harm to its goodwill.

In the goodwill provision, the parties agreed to the following:

> To compensate the Company for the harm to its goodwill, its position as a service provider and for its lost training time and effort, the Employee shall pay the amount of Ten Thousand Dollars ($10,000) and shall immediately forfeit any amount that might otherwise be due the Employee as Deferred Compensation....

At trial, both parties presented extensive evidence, including expert testimony, as to the issue of actual damages. The trial court found that:

> There was no convincing evidence of any real harm to defendant's goodwill or its position as a service provider. The preponderance of the evidence is that no training was provided to plaintiff by defendant.

The trial court determined that the liquidated damages portions of the goodwill provision were not enforceable because GAS suffered no harm to its good will and such damages were not reasonably related to its actual injury. That conclusion has support in the record, and thus, we will not disturb it on review. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

We conclude that the liquidated damages portions of the goodwill provision are also so disproportionate as to constitute an unenforceable penalty as a matter of law. *See Rohauer v. Little, supra.*

The portion of the judgment declaring the noncompetition provision valid and enforceable is reversed. The portion of the judgment declaring the good will provision unenforceable is affirmed.

BRIGGS and TURSI,*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.